IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY LYNN, SANDRA LYNN, JSL PROPERTIES, INC., MAKAMAE CORP., THE ABIGAIL PAIGE LYNN TRUST, and I AM MY BROTHER'S KEEPER FOUNDATION (IAMBKF) INCORPORATED.<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondents.<br><br>MORGAN STANLEY SMITH BARNEY, LLC, JP MORGAN CHASE BANK, N.A., REGIONS BANK, OLD NATIONAL BANCORP, FINANCE CENTER FEDERAL CREDIT UNION, THE VANGUARD GROUP, INC., and MESIROW FINANCIAL.<br><br>Summoned Third Parties. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  1 : 13 -cv- 0570 WTL -TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION TO QUASH SUMMONSES AND FOR DAMAGES**

Petitioners, Jay Lynn, Sandra Lynn, JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation, by counsel, for the Petition to Quash Summonses (the "Petition to Quash") against Respondent, the United States of America, state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Jay Lynn ("Mr. Lynn") and Sandra Lynn ("Ms. Lynn") (collectively, the "Lynns"), who are married to each other, are Indiana citizens, domiciled in Marion County, Indiana.

1

2. JSL Properties, Inc. is an Indiana Corporation whose principal office is in Marion County, Indiana.

3. Makamae Corp. is a Nevada Corporation whose principal office is in Ormsby County, Nevada.

4. The Abigail Paige Lynn Trust was formed on November 4, 1990.

5. I Am My Brother's Keeper Foundation (IAMBKF) Foundation is an Indiana Corporation whose principal office is in Marion County, Indiana.

6. Morgan Stanley Smith Barney, LLC is an Indiana Foreign Limited Liability Company who maintains offices in Marion County, Indiana.

7. JP Morgan Chase Bank, N.A., is an Indiana Foreign Corporation who maintains offices in Marion County, Indiana.

8. Regions Bank is Foreign Financial Institution who maintains offices in Marion County, Indiana.

9. Old National Bancorp is an Indiana Corporation whose principal office is in Vanderburgh County, Indiana.

10. Finance Center Federal Credit Union is an Indiana Corporation who maintains offices in Marion County, Indiana.

11. The Vanguard Group, Inc. is an Indiana Foreign Limited Liability Company.

12. Mesirow Financial, Inc. is an Indiana Foreign Corporation.

13. Jurisdiction and Venue are proper pursuant to Internal Revenue Code ("IRC") § 7609 and 12 U.S.C. 3401 *et al*.

### Facts and Procedural History

14. All of the summonses described herein were issued on behalf of the Internal

Revenue Service (the "Service") by Joe Palestino ("Mr. Palestino"), Revenue Agent for the Service.

15. On or about July 20, 2011, Form 2484, Power of Attorney and Declaration of Representative, was filed with the Service declaring G. Douglas Swinford ("Mr. Swinford") as representative before the Service for Mr. and Mrs. Lynn, a copy of which is attached and marked Exhibit "A".

16. On or about July 20, 2011, Form 2484, Power of Attorney and Declaration of Representative, was filed with the Service declaring Mr. Swinford as representative before the Service for JSL Properties, Inc., a copy of which is attached and marked Exhibit "B".

17. As of September 22, 2011, none of the other Petitioners had filed with the Service Form 2848, declaring G. Douglas Swinford ("Mr. Swinford"), or anyone else, as their representative before the Service.

18. The Internal Revenue Service (the "Service") issued a third party summons to a Regions Bank dated September 22, 2011 in the matter of JSL Properties, Inc. (the "Regions Bank Summons"), a copy of which is attached and marked Exhibit "C".

19. The Service issued a third party summons to Old National Bancorp dated September 22, 2011 in the matter of JSL Properties, Inc. (the "Old National/JSL Summons"), a copy of which is attached and marked Exhibit "D".

20. The Service issued a third party summons to Finance Center Federal Credit Union dated September 22, 2011 in the matter of Jay Lynn and Sandra Lynn (the "Finance Center Summons"), a copy of which is attached and marked Exhibit "E".

21. The Service issued a third party summons to JP Morgan Chase Bank, N.A. dated September 22, 2011 in the matter of Jay Lynn and Sandra Lynn (the "JP Morgan Chase

Summons"), a copy of which is attached and marked Exhibit "F".

22. The Service issued a third party summons to Morgan Stanley Smith Barney dated September 22, 2011 in the matter of Jay Lynn and Sandra Lynn (the "September 22, 2011 Morgan Stanley Summons"), a copy of which is attached and marked Exhibit "G".

23. The Service issued a third party summons to Old National Bancorp dated September 22, 2011 in the matter of the Abigail Paige Lynn Trust (the "Old National/Trust Summons"), a copy of which is attached and marked Exhibit "H".

24. As described more fully in the Affidavits of Jay Lynn and G. Douglas Swinford, copies of which are attached and marked Exhibit "I" and Exhibit "J", respectively, prior to the issuance of the third party summonses described in paragraphs 18 through 23, none of the Petitioners were provided any notice by the Service that contacts with persons other than such Petitioners might be made, as is required, pursuant to IRC § 7602(c).[1]

25. As described more fully in the Affidavit of Mr. Swinford (Exhibit "J"), on September 23, 2011, the Service mailed via United States Postal Service Regular Mail to Mr. Swinford Forms 2039 addressed to Jay Lynn and Sandra Lynn and JSL Properties, Inc. and copies of the summons described in paragraphs 18 through 22, but not the Old National/Trust Summons (the "Notice of Certain September 22, 2011 Summonses"), a copy of which is attached and marked Exhibit "K".

26. As described more fully in the Affidavit of Jay Lynn (Exhibit "I"), none of the Petitioners received directly from the Service notice of any of the summons described in

---

[1] IRC § 7602(c) states that "[a]n officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

4

paragraphs 18 through 23 pursuant to IRC § 7609.

27. On or about September 28, 2011, Form 2484, Power of Attorney and Declaration of Representative, was filed with the Service declaring Mr. Swinford as representative before the Service for the Abigail Paige Lynn Trust, a copy of which is attached and marked <u>Exhibit L"</u>.

28. Pursuant to a March 5, 2012 letter from A. Lee Hardegree, Assistant General Counsel for Regions Bank to Jay Lynn, a copy of which is attached and marked <u>Exhibit "M"</u>, on September 29, 2011, Mr. Palestino contacted Regions Bank via telephone and requested that the Bank produce documents and records in the Bank's possession and control pertaining to all accounts and transactions with Jay Lynn. In response to this verbal request, Regions Bank produced records related to Jay Lynn, and possibly other of the Petitioners.

29. Pursuant to the March 5, 2012 letter from A. Lee Hardegre, to Jay Lynn (<u>Exhibit "M"</u>), on October 7, 2011, a representative of Regions Bank requested of Mr. Palestino a copy of the Service of Summons to JSL Properties, Inc. and Jay Lynn. On October 18, 2011, such request was refused by Mr. Palestino.

30. Pursuant to the March 5, 2012 letter from A. Lee Hardegree to Jay Lynn (<u>Exhibit "M"</u>) on December 15, 2011, a representative of Regions Bank requested of Mr. Palestino a second time, and was refused, a copy of the Service of Summons to JSL Properties, Inc. and Jay Lynn.

31. Having made two requests of the Service to provide a copy of the Service of Summons, which the Service refused, Paul J. Thompson, Regions Bank counsel, sent a letter to Mr. Palestino dated February 7, 2012 wherein he requested that the records that Regions Bank produced in response to the Regions Bank Summons and Mr. Palestino's subsequent verbal requests for records of Jay Lynn be returned to the bank. Such request was ignored.

32. The Service issued summonses dated March 9, 2012 in the matter of Jay Lynn and Sandra Lynn to a) Morgan Stanley Smith Barney, b) Mesirow Financial, and c) The Vanguard Group, each requiring the third party to produce documents and records in its possession and control pertaining to all accounts and transactions with Jay Lynn and Sandra K. Louis Lynn, including accounts in Petitioners' names or "JSL, JSL Properties, Inc., Makamae, Makamae Corporation, Makamae, Inc., Abigail Paige Lynn Trust, IAMBKF, or any derivation of these names" (the "March 9, 2012 Summonses"), copies of which are attached and marked Exhibits "N", "O", and "P", respectively.

33. As described more fully in the Affidavit of Mr. Swinford (Exhibit "J"), on March 12, 2012, the Service mailed via United States Postal Service Regular Mail to Mr. Swinford, the Service's Form 2039 addressed *only* to Jay Lynn and Sandra Lynn, along with copies of the March 9, 2012 Summonses (collectively, the "Notice of the March 9, 2012 Summonses"), a copy of which, including a copy of the envelope in which the Notice of the March 9, 2012 Summonses was mailed to Mr. Swinford showing a post mark date of March 12, 2012, is attached and marked Exhibit "Q".

34. As described more fully in the Affidavit of Jay Lynn, none of the Petitioners received from the Service a notice of the March 9, 2012 Summonses pursuant to IRC § 7609.

35. As described more fully in the Affidavits of Jay Lynn (Exhibit "I") and G. Douglas Swinford (Exhibit "J"), prior to the issuance of the March 9, 2012 Summonses, none of the Petitioners were provided any notice by the Service that contacts with persons other than such Petitioners might be made, as is required, pursuant to IRC § 7602(c).

36. On March 30, 2012, Jay and Sandra Lynn mailed to the United States District Court, Northern District of Illinois (the "Northern District of Illinois"), their Petition to Quash

Summonses, seeking to quash the March 9, 2012 Summonses.[2]

37.  On July 25, 2012, Matthew T. Shaw of Morgan Stanley Smith Barney issued a letter to Mr. Palestino, a copy of which is attached and marked Exhibit "R", requesting that the Service suspend its efforts to seek production of documents from the Bank and either destroy or return any documents previously produced by the bank because the bank suspects that it produced documents outside the scope of the March 9, 2012 Summons.

38.  Seeking to transfer the Illinois Petition to Quash to what they believed to be the proper and preferred venue, on September 28, 2012, Mr. and Mrs. Lynn, pro se, filed with the United States District Court, Southern District of Indiana (the "Southern District of Indiana"), their Petition to Quash Summonses (Case No. 1:12-mc-0096-WTL-MJD) (the "September 28, 2012 Petition to Quash").

39.  Having filed the September 28, 2012 Petition to Quash, Mr. and Mrs. Lynn voluntarily filed their Motion to Dismiss the Illinois Petition to Quash with the Northern District of Illinois, which was granted on October 2, 2012.

40.  On January 22, 2013, the Petitioners filed an Amended Petition to Quash Summonses in the Southern District of Indiana, supplementing the Petition to Quash filed by the Lynns [Case No. 1:12-mc-0096-WTL-MJD Doc 21].

41.  On February 12, 2013, Petitioner, the Abigail Paige Lynn Trust filed the Second Amended Petition to Quash Summonses supplementing the Amended Petition to Quash Summonses [Case No. 1:12-mc-0096-WTL-MJD Doc 34].

42.  On March 11, 2013, Petitioner, the Abigail Paige Lynn Trust filed the Third

---

[2] This Petition was docketed April 12, 2012 and assigned Case No. 1:12-cv-02683 (the "Illinois Petition to Quash").

7

Amended Petition to Quash Summonses supplementing the Second Amended Petition to Quash Summonses [Case No. 1:12-mc-0096-WTL-MJD Doc 41].

43. Following the filing of this Petition to Quash, the Petitioners will file in Cause No. 1:12-mc-0096-WTL-MJD, a Motion to Transfer the Second and Third Amended Petitions to Quash pending in that court to this Court given that those relate to this Petition to Quash Summonses and For Damages.

44. Also, following the filing of this Petition to Quash, the Petitioners will file in Cause No. 1:12-mc-0096, a Motion to Withdraw the September 28, 2012 Petition to Quash and Doc 21 in that cause.

## ARGUMENT

In all cases, each separate Petitioner seeking to quash the aforementioned summonses dated September 22, 2011 and March 9, 2012 is not time barred from doing so because respecting each of the summonses that each Petitioner is seeking to quash, such Petitioner was never provided a IRC § 7609 Notice respecting such summons. Further, the Lynns are not seeking to quash the March 9, 2012 Summonses because they did receive IRC § 7609 Notice, and are not asserting that they may now timely petition to quash such summonses.

The aforementioned summonses dated September 22, 2011 and March 9, 2012 are defective for a variety of reasons, which means that they should all be quashed as it relates to the documents and records sought therein pertaining to all or a portion of the Petitioners, as more fully described in this Argument Section. Further, any documents produced as a result of the defective summonses or informal attempts by the Service to obtain Petitioners' information from third parties should either be destroyed or returned to the offended Petitioners. Finally, the offended Petitioners are owed damages for the Service's violation of the Right to Financial

Privacy Act, 12 U.S.C. 3401 *et al.*

    A.    **The March 9, 2012 Summonses should be quashed for a variety of reasons as it pertains to certain or all of the Petitioners.**

The March 9, 2012 Summonses (Exhibits "N", "O", and "P") should be quashed as it relates to information sought therein respecting JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation because such Petitioners were not provided notice of the summonses as required by IRC § 7609. Further, the March 9, 2012 Summonses should be quashed as it relates to information sought therein respecting JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation because a) none of those Petitioners were provided notice pursuant to IRC § 7602(c), b) the summonses are ambiguous, vague, and otherwise are deficient in the description of the material requested therein, and c) the material requested is not relevant to any lawful investigation undertaken by the Service.

The March 9, 2012 Summonses should be quashed as it relates to information sought therein respecting JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation because such Petitioners were not provided notice of the summonses as required by IRC § 7609.[3] Specifically, none of those Petitioners received notice of the March 9, 2012 Summonses directly from the Service pursuant to IRC § 7609. Further, the Service's notice of summons respecting the March 9, 2012 Summonses was issued only to Jay and Sandra Lynn. As such the March 9, 2012 Summonses should be quashed as it pertains to production of documents or records pertaining to all

---

[3] IRC § 7609(a) states that "[i]f any summons to which this section applies requires . . . the production . . . of records . . . relating to . . . any person . . . who is identified in the summons, then notice of the summons shall be given to any person so identified . . . ."

9

Petitioners, except Jay and Sandra Lynn, who did receive IRC § 7609 notice of summons.

Further, the March 9, 2012 Summonses should be quashed as it relates to information sought therein respecting JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation because none of those Petitioners were provided notice pursuant to IRC § 7602(c), which required that Petitioners receive advanced notice from the Service before seeking third party summonses. Specifically, pursuant to IRC § 7602(c), no officer or employee of the Service may contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing advance notice to the taxpayer. In the case of the March 9, 2012 Summonses, information was sought respecting each and every one of the Petitioners, JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation. Yet, none of those Petitioners were provided advance notice that the Service was going to contact a third party respecting that Petitioner pursuant to IRC § 7602(c). As such, the March 9, 2012 Summonses must be quashed as it relates to JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation.

Next, the March 9, 2012 Summonses should be quashed as it relates to information sought therein respecting JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation because the summonses are ambiguous, vague, and otherwise are deficient in the description of the material requested therein. An unenforceable and overbroad summons is one that is either too indefinite to readily ascertain what is called for or so broad as to encompass irrelevant matters. Segmond v. United States, 589 F. Supp. 568, 574 (S.D.N.Y. 1984).

When applying this rule, the March 9, 2012 Summonses are clearly vague and ambiguous. Specifically, on the face of each of the March 9, 2012 Summonses, the Service indicates that it is "in the matter of Jay Lynn . . . & Sandra . . . Lynn." Yet, on the second page of each summons, entitled "Attachment", it indicates that the third party is to produce copies of documents and records pertaining not only to Mr. and Mrs. Lynn, but each of the Petitioners, who are all separate legal entities. Further, in addition to the summonses' request for documents and records pertaining to all of the Petitioners, it also seeks documents and records pertaining to ". . . [persons who have] any derivation of these names." As further evidence of the vagueness and ambiguity of the March 9, 2012 Summonses, reference is made to the July 25, 2012 letter from Matthew T. Shaw of Morgan Stanley Smith Barney to Mr. Palestino (Exhibit "R"), wherein Mr. Shaw states that Morgan Stanley Smith Barney inadvertently produced documents outside the scope of the March 9, 2012 Summons. This error is likely due to the vagueness and ambiguity of the March 9, 2012 Summonses.

Therefore, the March 9, 2012 Summonses are clearly ambiguous and vague because on its face, a third party would appear to be required to produce documents and records pertaining to Mr. and Mrs. Lynn, yet the attachment appears to broaden the requirement to include at least four other separate, distinct legal entities. For this reason, the March 9, 2012 Summonses must be quashed as it relates to JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation.

Finally, as an alternative argument and in no way determinative to the consideration of the previous arguments for quashing the March 9, 2012 Summonses, such summonses should be quashed as it relates to information sought therein respecting Makamae Corp. and I Am My Brother's Keeper Foundation (IAMBKF) Foundation because the material requested is not

11

relevant to any lawful investigation undertaken by the Service. In <u>United States v. Powell</u>, 379 U.S. 48, 57 (1964), the U.S. Supreme Court stated that the Service must show that the investigation will be conducted pursuant to a legitimate purpose, that such inquiry may be relevant to the purpose, that the information is in its possession, and that administrative steps have been followed. Other than Mr. and Mrs. Lynn, JSL Properties, Inc., and the Abigail Paige Lynn Trust, none of the other Petitioners are or as of March 9, 2012 were aware that it was the subject of an investigation by the Service. Therefore, the Service did not have a basis to request information from the third parties pertaining to Makamae Corp. or I Am My Brother's Keeper Foundation (IAMBKF) Foundation, as neither of these entities was subject to a "lawful investigation undertaken by the Service." As such, the March 9, 2012 Summonses were defective and therefore should be quashed.

    **B.**     <u>**The summons issued on September 22, 2011 should be quashed for a variety of reasons as it pertains to certain or all of the Petitioners.**</u>

Each of the summonses issued on September 22, 2011, should be quashed as it relates to information sought and/or obtained respecting certain of the Petitioners, for multiple, independent reasons.

Initially, the Old National/Trust Summons (<u>Exhibit "D"</u>) should be quashed because the Service did not provide a notice of summons pursuant to IRC § 7609. Specifically, the Abigail Paige Lynn Trust did not receive a notice of summons pursuant to IRC § 7609. Further, as of September 22, 2011, the Abigail Paige Lynn Trust had not filed Form 2484, Power of Attorney and Declaration of Representative declaring anyone as its tax representative. Finally, Mr. Swinford, who was not as of September 22, 2011, a declared tax representative for the Trust, was not served with a notice of summons. Therefore, given that the Service did not provide a notice of summons pursuant to IRC § 7609 to the Abigail Paige Lynn Trust, the Old National/Trust

12

Summons must be quashed.

Next, the Regions Bank Summons (Exhibit "C") should be quashed as it relates to Jay Lynn, Sandra Lynn, Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation. The Regions Bank Summons should be quashed because the Service's issuing Revenue Agent, Mr. Palestino circumvented the requirements of IRC § 7609 in verbally and informally demanding that Regions Bank produce information regarding specific Petitioners who were not identified in any written summons issued to the Bank, and then refusing on multiple occasions to provide Regions Bank the Service of Summons that it sought.[4] Most importantly, by circumventing IRC § 7609, the Service, through Mr. Palestino's actions, violated the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401 *et al*.

Quashing of the Regions Bank Summons as it pertains to Mr. Palestino's subsequent informal, verbal request of Regions Bank to produce information regarding certain Petitioners who were not identified in any written summons issued to the Bank is wholly consistent with the decision in Neece v. Internal Revenue Service et al, 922 F.2d 573 (10th Cir. 1990), which ruled that the Service's informal access to bank records is not exempt from the ("RFPA"), 12 U.S.C. §§ 3401 *et al*. Specifically, the 10th Circuit Court concluded that records obtained by the Service, which did not result from procedures delineated in IRC § 7609, dealing with the issuance of summonses, or from any other part of Title 26 for that matter, were impermissibly obtained pursuant to RFPA. In like manner, although a summons, dated September 22, 2011,

---

[4] IRC § 7609(c) states that "[A]ny summons to which this subsection applies . . . shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons."

13

was issued to Regions Bank seeking information respecting JSL Properties, Inc., Mr. Palestino's subsequent informal, verbal attempts to contact the Bank and request that the Bank produce information for Petitioners not named in the September 22, 2011 Summons represents a violation of 12 U.S.C. §§ 3401 *et al.*

Further, Petitioners are only aware of the Service's aforementioned violation of 12 U.S.C. §§ 3401 *et al* pertaining specifically to Mr. Palestino's informal attempts to obtain Petitioners' information from Regions Bank.  However, it is conceivable that Mr. Palestino may have violated 12 U.S.C. §§ 3401 *et al* by informally contacting other summonsed third parties in an attempt to obtain records and other information respecting Petitioners that were not specifically named in the other September 22, 2011 summonses.  Therefore, Petitioners make a provisional claim respecting any of the other summonses issued on September 22, 2012.  Specifically, to the extent that Mr. Palestino, or any other agent of the Service, informally contacted the summonsed third parties in an attempt to obtain records or other information respecting any of the Petitioners that were not specifically named in the summonses, then Petitioners request that the Court quash such summonses as to any such information obtained due to what would amount to additional violations of 12 U.S.C. §§ 3401 *et al.* Based on the foregoing, the following summonses should be provisionally quashed as it relates to the indicated Petitioners, who are Petitioners that were not specifically named on the summonses:

    a)    Regions Bank Summons (Exhibit "C") – all Petitioners, except JSL Properties, Inc.;

    b)    Old National/JSL Summons (Exhibit "D") – all Petitioners, except JSL Properties, Inc.;

    c)    Finance Center Summons (Exhibit "E") – all Petitioners, except Jay and Sandra

14

Lynn;

  d)  JP Morgan Chase Summons (<u>Exhibit "F"</u>) – all Petitioners, except Jay and Sandra Lynn;

  e)  September 22, 2011 Morgan Stanley Summons (<u>Exhibit "G"</u>) – all Petitioners, except Jay and Sandra Lynn; and

  f)  Old National/Trust Summons (<u>Exhibit "H"</u>) – all Petitioners, *including* the Abigail Paige Lynn Trust.

  Finally, none of the Petitioners were provided notice pursuant to IRC § 7602(c), which required that Petitioners receive advance notice from the Service before seeking third party summonses. Specifically, pursuant to IRC § 7602(c), no officer or employee of the Service may contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing advance notice to the taxpayer. Therefore, the following summonses should be quashed as it pertains to information sought and/or obtained for the indicated Petitioners, who because they also did not receive a notice of summons pursuant to IRC § 7609, have timely joined this Amended Petition to Quash:

  a)  Regions Bank Summons (<u>Exhibit "C"</u>) – all Petitioners, except JSL Properties, Inc.;

  b)  Old National/JSL Summons (<u>Exhibit "D"</u>) – all Petitioners, except JSL Properties, Inc.;

  c)  Finance Center Summons (<u>Exhibit "E"</u>) – all Petitioners, except Jay and Sandra Lynn;

  d)  JP Morgan Chase Summons (<u>Exhibit "F"</u>) – all Petitioners, except Jay and Sandra Lynn;

15

e) September 22, 2011 Morgan Stanley Summons (Exhibit "G") – all Petitioners, except Jay and Sandra Lynn; and

f) Old National/Trust Summons (Exhibit "H") – all Petitioners, *including* the Abigail Paige Lynn Trust.

## DAMAGES

Petitioners seek the following damages respecting the defective summonses issued by Mr. Palestino on behalf of the Service:

a) Those summonses found by this Court to have been improperly issued and noticed pursuant to IRC §§ 7602 and/or 7609 should be quashed as it relates to documents and records sought for those Petitioners who timely filed either this Petition to Quash or the Petition to Quash. See Reasons to Quash Nos. 1 through 4 in Exhibit "S".

b) Respecting any documents or records that were produced to the Service as a result of the summonses found by this Court to have been improperly issued and noticed pursuant to IRC §§ 7602 and 7609, and therefore quashed, the Service should be ordered to destroy or return to the offended Petitioner such records, including any reproductions. Church of Scientology of California v. United States, 506 U.S. 9, 13 (1992). See Reasons to Quash Nos. 1 through 4 in Exhibit "S".

c) Respecting any and all of the documents or records pertaining to any of the Petitioners, except for JSL Properties, Inc., that were produced by Regions Bank pursuant to the Regions Bank Summons (Exhibit "C") or other informal efforts by Mr. Palestino, the Service should be ordered to destroy or return to the offended Petitioner such records, including any reproductions. Id. See Reason to Quash No. 5 in Exhibit "S".

d) Pursuant to 12 U.S.C. § 3417(a), to the extent that any of Petitioners' documents

16

or records were obtained by the Service informally, i.e., as a result of its or its revenue agent's efforts, including, but not limited to those of Mr. Palestino, that do not fall under the procedures of IRC § 7609, the following awards should be granted to each offended Petitioner (See Reason to Quash No. 5 in Exhibit "S"):

    i)    $100;

    ii)    Actual damages sustained by the Petitioner as a result of the disclosure;

    iii)    Punitive damages, based on the willful and/or intentional violation of 12 U.S.C. Chapter 35 by Mr. Palestino specifically, and the Service, generally; and

    iv)    The costs for the Petitioners to undertake this Petition to Quash, including but not limited to reasonable attorney fees.

These damages are reasonable and appropriate in light of at least Mr. Palestino's conduct as described herein which violates the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq*. Specifically, by making informal, verbal demands of Regions Bank to produce documents related to a party who was not identified in any way in the summons to a bank, the Service violated the law by seeking and obtaining financial records of such persons from a third-party custodian pursuant to 12 U.S.C. § 3402 which states that ". . . no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution . . . ."

Such a finding of damages is wholly consistent with the 10th Circuit Court's decision in Neece v. Internal Revenue Service et al, 41 F.3d 1396 (1994), which ruled that the Service's successful attempt to obtain a customer's records from a financial institution without following the procedures prescribed by IRC § 7609 represented a violation of 12 U.S.C. § 3401 *et seq*. and

17

warranted the damages outlined in 12 U.S.C. § 3417(a). Based on the 10th Circuit ruling, this Court should find that the Service's conduct, through Mr. Palestino, violated 12 U.S.C. § 3401 *et seq.* because such conduct does not fall under the procedures outlined in IRC §7609.

WHEREFORE, Petitioners, Jay Lynn, Sandra Lynn, JSL Properties, Inc., Makamae Corp., the Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Foundation, by counsel, request that the summonses described in paragraphs 18 through 23, and paragraph 32 be quashed, against Respondent, the United States of America for the reasons described herein, the Petitioners be awarded the damages requested herein, and all other just and proper relief.

Respectfully submitted,

GILDAY & ASSOCIATES, P.C.

By: *[signature]*
James K. Gilday, Attorney for Plaintiffs

James K. Gilday (Bar #10825-49)
GILDAY & ASSOCIATES, P.C.
Chase Tower
111 Monument Circle, Suite 3300
Indianapolis, IN 46204-5176
E-Mail: jgilday@gildaylegal.com
Phone: (317) 624-0033
Fax: (317) 638-0300