UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY LYNN, ) | |
| SANDRA LYNN, ) | |
| MAKAMAE CORP., ) | |
| ABIGAIL LYNN PAGE TRUST, ) | |
| I AM MY BROTHER'S KEEPER ) | |
| FOUNDATION INCORPORATED, ) | |
| JSL PROPERTIES, INC., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | No. 1:13-cv-00570-WTL-MJD |
| ) | |
| _____ ) | |
| ) | |
| MORGAN STANLEY SMITH BARNEY, ) | |
| LLC, ) | |
| JP MORGAN CHASE BANK, N.A., ) | |
| REGIONS BANK, ) | |
| OLD NATIONAL BANCORP, ) | |
| FINANCE CENTER FEDERAL CREDIT ) | |
| UNION, ) | |
| VANGUARD GROUP, INC., ) | |
| MESIROW FINANCIAL, ) | |
| ) | |
| Interested Parties. ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Respondent United States of America's ("Defendant") Motion to Dismiss Complaint for Damages. [Dkt. 23.] For the following reasons, the Magistrate Judge recommends that the motion be **GRANTED**.

I. **Background**

Plaintiffs Jay Lynn, Sandra Lynn, Makamae Corp., The Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Incorporated ("Plaintiffs") assert that the Defendant, through the acts of the Internal Revenue Service (IRS), violated the Right to Financial Privacy Act (RFPA). [Dkt. 15 at 5.]  Specifically, Plaintiffs assert that the Defendant violated the RFPA by obtaining financial records regarding Plaintiffs who were not identified in the written summonses that were issued to third party financial institutions. [*Id.* at 4-5.] The Defendant argues, among other defenses, that Plaintiffs lack standing to assert their claims under the RFPA. [Dkt. 24.]

II. **Discussion**

Pursuant to Rule 12(b)(1), a Defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where the defendant alleges that the plaintiff does not, in fact, have standing, the district court may look to evidence beyond the pleadings in order to determine whether standing exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). When a plaintiff's standing is called into question, it is the plaintiff who bears the burden of presenting the court with sufficient evidence to establish subject-matter jurisdiction. *Id.* at 443. Such "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

In order to bring a claim under the RFPA, each plaintiff must be a "customer" of a certain financial institution, meaning "a[] **person** . . . who utilized or is utilizing any service of a financial institution . . . in relation to an account maintained **in the person's name**." 12 U.S.C. § 3401 (emphasis added). The RFPA defines a "person" as "an individual or a partnership of five

or fewer individuals," which unambiguously excludes other legal structures, such as corporations or trusts. *Id.*; *Chao v. Cmty. Trust Co.*, 474 F.3d 75, 83-84 (3d Cir. 2007) (trust); *Duncan v. Belcher*, 813 F.2d 1335, 1338 (4th Cir. 1987) (company); *Pittsburgh Nat. Bank v. United States*, 771 F.2d 73, 75 (3d Cir. 1985) (corporation); *Spa Flying Serv., Inc. v. United States*, 724 F.2d 95, 96 (8th Cir. 1984) (corporation). Accordingly, Plaintiffs JSL Properties, Inc., Makamae Corp., The Abigail Paige Lynn Trust, and I Am My Brother's Keeper Foundation (IAMBKF) Incorporated do not qualify as "customer[s]" under the RFPA, and their claims should be **dismissed** for lack of standing.

Additionally, the Defendant asserts that the remaining individual plaintiffs also lack standing to bring their claims. [Dkt. 24 at 5.] In response, Plaintiff presented no evidence asserting that Plaintiff Sandra Lynn was a "customer" during the relevant time period. [*See* Dkt. 28.] Consequently, Plaintiff Sandra Lynn's claims should also be **dismissed** for lack of standing.

In its motion to dismiss, the Defendant points out that the IRS agent in question is "unaware of Jay Lynn or Sandra K. Louis Lynn holding accounts in their names with Regions Bank during the time period applicable." [Dkt. 24 at 5.] To evidence that Jay Lynn was a "customer," Plaintiffs point to a letter written by the Assistant General Counsel of Interested Party Regions Bank ("the Letter"), which states in relevant part that:

> Our initial search for records located no accounts in the name of JSL Properties. In a September 29, 2011, telephone conversation, our subpoena processor, Nancy Isbell, told IRS agent Joseph Palestino we were unable to locate responsive records. Mr. Palestino stated that "JSL was Jay Lynn." Mr. Palestino gave Ms. Isbell a social security number, and suggested she try to locate records with that name and number. That conversation is the only discussion or correspondence we had with Mr. Palestino regarding guidance or direction as to records that should be produced.
>
> Using the criteria provided by Mr. Palestino, we located the accounts for which records were ultimately provided. Although those accounts were not in the name of JSL Properties, some of those accounts contained transactions and references to

> JSL Properties and all involved the name and social security number provided by Mr. Palestino. In light of the expansive wording of the Summons, which requested transactions with JSL Properties and referenced accounts held as trustee, along with the information and direction provided by Mr. Palestino mentioned above, Ms. Isbell believed that the records were responsive to the Summons.

[Dkt. 1-6.] Based on this letter, Plaintiffs claim that "it is incontrovertible that Mr. Lynn was a customer of Regions Bank." [*Id.* at 3.] The Court is not convinced, however, that Plaintiffs have met their burden of proof.

It is true that the Letter implies that Plaintiff Jay Lynn's name was linked to records at Interested Party Regions Bank. [Dkt. 1-6.] However, the Letter falls short of confirming that the resulting accounts were actually **in the name of Plaintiff Jay Lynn**, as the FRPA requires. [*Id.*] Additionally, the Letter does not indicate whose social security number was given—just that "a" social security number was given. [*Id.*] Further, as the Defendant points out, Plaintiffs' Complaint and other filings also fall conspicuously short of alleging that Plaintiff Jay Lynn was a "customer," claiming only that "Regions Bank produced records **related to Jay Lynn**." [Dkt. 1 at 5; dkt 15 at 4.] While there is some evidence indicating that Plaintiff Jay Lynn utilized the services of a financial institution, Plaintiffs have not met their burden of proving by a preponderance of the evidence that Interested Party Regions Bank maintained an account in Plaintiff Jay Lynn's name. Accordingly, Plaintiff Jay Lynn's claims should be **dismissed** for lack of standing, leaving no further claims before the Court in this matter.

### III.   Conclusion

For the aforementioned reasons, the Court should **GRANT** Respondent's Motion to Dismiss Complaint for Damages. [Dkt. 23.] Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and

Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: _____11/14/2013_____

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

James K. Gilday
GILDAY & ASSOCIATES, P.C.
jgilday@gildaylegal.com

Lindsay C. Dunn
UNITED STATES ATTORNEY'S OFFICE
lindsay.dunn@usdoj.gov

Nathan L. Strup
UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION
nathan.l.strup@usdoj.gov